IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SYED ASKRI, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) Case No. 1:16-cv-00585-GBL-MSN |
| | ) |
| FIRST TENNESEE BANK NATIONAL ASSOCIATION, Successor Thru Merger With First Horizon Home Loan Corp., | ) ) ) |
| | ) |
| Appellee. | ) |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Appellant Syed Askri's ("Mr. Askri") appeal of an order dated May 11, 2016 from the United States Bankruptcy Court for Eastern District of Virginia in the case styled as *In re Rizwana Askri*, No. 15-14542-RGM. This appeal concerns an order modifying an automatic stay in a Chapter 11 bankruptcy proceeding to allow a noteholder to enforce a lien against real property owned by the debtor, Rizwana Askri ("Mrs. Askri").

The issue is whether the bankruptcy court erred when it denied Mr. Askri's motion to vacate the order modifying the automatic stay. The Court affirms the bankruptcy court's denial of the relief requested by Mr. Askri because he lacks standing to challenge the modification of the stay order and Mrs. Askri failed to contest the matter.

### I. BACKGROUND

Mrs. Askri and Mr. Askri own a parcel of real property located at 23367 Kerrisdale Way, Sterling, VA 20166 (the "Property"). The Property is encumbered by a deed of trust dated

October 5, 2005 (the "Deed of Trust"). The Deed of Trust secures payment of a Home Equity Line of Credit Agreement in the original maximum principal amount of $250,000 (the "Note").[1]

Before addressing the matters at issue in this appeal, the Court notes that this is not the first time Mr. Askri has challenged whether First Tennessee Bank National Association (the "Bank") can enforce a lien related to the Property. In November 2014, both Mrs. Askri and Mr. Askri appealed to this court in connection with Mrs. Askri's Chapter 13 bankruptcy proceeding. *See Askri v. First Tennessee Bank Nat'l Ass'n*, No. 1:14-cv-01609-CMH-TCB (filed Nov. 25, 2014). In February 2015, this district court affirmed the bankruptcy court's decision to lift the automatic stay for Mrs. Askri and the co-debtor stay for Mr. Askri. Two months after this district court resolved Mrs. Askri's Chapter 13 bankruptcy case, in April 2015, Mr. Askri commenced a Chapter 13 bankruptcy proceeding. After the bankruptcy court denied Mr. Askri's proposed Chapter 13 plan, in September 2015, Mr. Askri appealed to this district court. *See Askri v. First Tennessee Bank Nat'l Ass'n*, No. 1:15-cv-01135-AJT-IDD (filed Sept. 3, 2015). This district court affirmed the bankruptcy court's decision in December 2015, and the Fourth Circuit affirmed this district court's decision. *See Askri v. First Horizon Bank, a division of First Tennessee Bank Nat'l Ass'n*, No. 15-2599, 2016 WL 3523310 (4th Cir. June 28, 2016) (per curiam).

In the case at hand, on December 30, 2015, Mrs. Askri filed a petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"). Mrs. Askri, the debtor, was represented by counsel.

---

[1] Both Ms. and Mr. Askri are signatories on the Deed of Trust, but it appears that Mr. Askri is the only signatory on the Note.

2

On March 10, 2016, the Bank filed a Motion for Relief From Automatic Stay, in which the Bank represented itself as "a mortgage lender." The Bank's motion requested that the Bankruptcy Court enter an order, pursuant to 11 U.S.C. § 362(d), modifying the automatic stay imposed by 11 U.S.C. § 362(a) of the Bankruptcy Code. The Bank's motion included a certificate of service indicating that that Bank sent a notice concerning the motion to Mrs. Askri, her attorney, and other entities involved in the bankruptcy proceeding. During a subsequent hearing, the Bankruptcy Court found no error in the certificate of service. Although notice of the Bank's motion was not addressed to Mr. Askri, he had the same mailing address as his wife and, in any event, he had not asserted an independent interest in Mrs. Askri's Chapter 11 bankruptcy up to that point.

On April 6, 2016, the Bankruptcy Court held a hearing to consider the Bank's motion to lift the automatic stay. It appears that neither Mrs. Askri, nor her attorney, nor Mr. Askri appeared at the hearing. Ruling from the bench, the Bankruptcy Court granted the Bank's motion, and apparently instructed the Bank to submit a written order for the court to sign. On April 19, 2016, the Bankruptcy Court entered the written order modifying the automatic stay under 11 U.S.C. § 362 to permit the Bank "to enforce the lien of its deed of trust as it pertains to the [Property]."

After the Bankruptcy Court orally granted the Bank's motion to lift the stay, but before the written order had been entered on the docket, Mr. Askri filed a motion styled as "Debtor Husband Syed Askri's Motion to Alter, Amend and Vacate Court's Order Announced from the Bench" (the "Motion to Vacate").[2] Mr. Askri's Motion to Vacate can be distilled to four

---

[2] Mr. Askri actually filed two motions. The Bankruptcy Court rejected Mr. Askri's first motion because of a filing deficiency, and the court accepted the second motion. That second motion, filed on April 19, 2016, is the motion relevant to this appeal.

arguments. First, he argued that the Bank misrepresented its right to foreclose on the property and challenged the validity of the Bank's proof of claim. Second, Mr. Askri argued that Wilmington Trust ("M&T") should have been included as a party to the bankruptcy proceeding—apparently, because Mr. Askri believes the Bank needs an assignment from M&T in order to enforce the Note and Deed of Trust. Third, Mr. Askri argued that he and his wife did not owe as much money as the Bank alleged. Fourth, Mr. Askri alleged that the Bank did not properly notice its motion to lift the stay.

On May 10, 2016, the Bankruptcy Court held a hearing to consider Mr. Askri's Motion to Vacate. Mrs. Askri did not attend to hearing, and neither she nor her attorney ever contested the Bank's motion to lift the stay. Only Mr. Askri and counsel for the Bank attended the hearing. Three issues that arose during the May 10, 2016 hearing are relevant here. First, the Bankruptcy Court determined that the "certificate of service looked complete, on its face," and the Bankruptcy Court found no error in how the Bank noticed its motion to lift the stay. Second, the Bankruptcy Court stated that Mr. Askri lacked standing. This Court interprets the Bankruptcy Court's ruling to mean not only that Mr. Askri lacked standing to argue on his wife's behalf, but also that Mr. Askri, himself, lacked standing to seek a revocation of the order modifying the stay. Third, the Bankruptcy Court stated that the merits of Mr. Askri's substantive arguments—*i.e.*, arguments regarding recession, the proper noteholder, and the proper foreclosure procedure—were issues that Mr. Askri or his wife could raise in state court, as opposed to bankruptcy court.[3] The next day, on May 11, 2016, the Bankruptcy Court entered an order denying Mr. Askri's Motion to Vacate for the reasons stated during the hearing.

---

[3] The substantive arguments presented in Mr. Askri's Motion to Vacate appear to be similar to the arguments that Mr. Askri asserted in the two previous Chapter 13 bankruptcy proceedings.

On May 24, 2016, within fourteen days of that order, Mr. Askri filed the appeal now before this Court. Between July and August 2016, Appellant Mr. Askri filed an opening brief, the Bank filed a response, and Mr. Askri filed a reply. In September 2016, the Court continued the hearing to consider Mr. Askri's appeal because this Court had not received the transcript from the May 10, 2016 Bankruptcy Court hearing. Now that the parties have fully briefed their positions and the necessary parts of the Bankruptcy Court record are before the Court, this appeal is ripe. Pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78(J), the Court will dispense with oral argument and decide this appeal based on the materials presented before this Court.

## II. DISCUSSION

### A. Standard of Review

On appeal from a bankruptcy court, a district court acts as an appellate court and reviews the bankruptcy court's findings of fact for clear error and conclusions of law *de novo*. *See In re Johnson*, 960 F.2d 396, 399 (4th Cir. 1992). A finding of fact is "clearly erroneous" "when, although there is evidence to support it, the reviewing court . . . is left with the definite and firm conviction that a mistake has been made." *In re Morris Commc'ns. NC, Inc.*, 914 F.2d 458, 467 (4th Cir. 1990) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Courts review grants or denials of equitable relief for an abuse of discretion. *Behrmann v. National Heritage Found.*, 663 F.3d 704, 709 (4th Cir. 2011). A decision is not an abuse of discretion "if it is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence." *Bernstein v. CapitalCare, Inc.*, 70 F.3d 783, 788 (4th Cir. 1995) (citation and internal quotation marks omitted).

5

## B. Analysis

The Bankruptcy Court did not err when it denied Mr. Askri's Motion to Vacate.

Generally, petitioning for Chapter 11 bankruptcy operates as an automatic stay, unless an exception applies. 11 U.S.C. § 362(a). The automatic stay in a Chapter 11 bankruptcy proceeding stays, among other things, the commencement or continuation of an action (1) to recover a claim against the debtor that arose before the case began, (2) to obtain possession of property of the estate, and (3) to enforce any lien against property of the estate. 11 U.S.C. § 362(a). "On request of a *party in interest* and after notice and a hearing, the [bankruptcy] court shall grant relief from the stay . . . by terminating, annulling, modifying, or conditioning such stay" when certain conditions are met. 11 U.S.C. § 362(d) (emphasis added). "In any hearing under [§ 362(d)] concerning relief from the stay . . . (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and (2) the party opposing such relief has the burden of proof on all other issues." 11 U.S.C. § 362(g).

The "right to be heard" in Chapter 11 cases is set forth at 11 U.S.C. § 1109(b). That subsection provides, "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

The Bank argues that Mr. Askri lacks standing because he does not fit within any of the above categories and is "simply the obligor on a debt instrument that is secured by a parcel of real estate owned by both" he and Mrs. Askri. (Appellee Resp. at 3, Dkt. No. 12.) However, this argument is unpersuasive because 11 U.S.C. § 1109(b) is not an exhaustive list of categories, given that the list is predicated on the word "including." *See In re Glob. Indus. Techs., Inc.*, 645

F.3d 201, 210 (3d Cir. 2011) ("The list of potential parties in interest in § 1109(b) is not exclusive.").

Next, the Bank argues that Mr. Askri lacks standing in a matter concerning only the modification of a stay under 11 U.S.C. § 362.

Although the Bankruptcy Code does not define the term "party in interest," courts have defined that term in various contexts. In the Chapter 7 bankruptcy context, the Fourth Circuit held that a "party in interest" includes "all persons whose pecuniary interests are directly affected by the bankruptcy proceedings." *In re Hutchinson,* 5 F.3d 750, 756 (4th Cir. 1993). In the context of a Chapter 11 proceeding converted to a Chapter 7 proceeding, this district court applied the same definition of a "party in interest" in concluding that an entity lacked standing to reopen a bankruptcy case. *See In re Alexandria Surveys Int'l, LLC,* 500 B.R. 817, 820 (E.D. Va. 2013), *aff'd sub nom. Alexandria Consulting Grp., LLC v. Alexandria Surveys Int'l LLC,* 589 F. App'x 126 (4th Cir. 2014). The way the Fourth Circuit and this district court have defined a "party in interest" is substantially similar to how other courts have defined the phrase. *See In re James Wilson Associates,* 965 F.2d 160, 169 (7th Cir. 1992) (stating that, pursuant to § 1109(b), "anyone who has a legally protected interest that could be affected by a bankruptcy proceeding is entitled to assert that interest with respect to any issue to which it pertains"); *see also In re Glob. Indus. Techs., Inc.,* 645 F.3d 201, 210 (3d Cir. 2011) (Third Circuit adopting the Seventh Circuit's test in *James Wilson*); *In re Heating Oil Partners, LP,* 422 F. App'x 15, 17 (2d Cir. 2011) ("Whether a party qualifies as a 'party in interest' is determined on a case-by-case basis, taking into consideration whether that party has a 'sufficient stake' in the outcome of that proceeding, which can include having a pecuniary interest directly affected by the bankruptcy proceeding.")

Further, when bankruptcy courts assess whether someone qualifies as a "party in interest," courts assess how the alleged interested party is affected by the specific motion at hand—*i.e.*, the motion relating to an automatic stay. *See In re Saint Vincents Catholic Med. Centers of N.Y.*, 429 B.R. 139, 150 (Bankr. S.D.N.Y. 2010) (stating that "§ 1109 does not guarantee a party on that list the right to object to every motion," and that "the party must be directly interested in the motion at hand"); *In re Sweports, Ltd.*, 476 B.R. 540, 542 (Bankr. N.D. Ill. 2012) (stating that whether a party is a "party in interest" under § 362(d) is determined "on a case-by-case basis, with reference to the interest asserted and how that interest is affected by the automatic stay").

Here, in the context of the Bank's motion to lift the automatic stay in a Chapter 11 bankruptcy proceeding, Mr. Askri does not have statutory standing to vacate that order. In Chapter 12 and Chapter 13 bankruptcy proceedings, the Bankruptcy Code provides relief for a co-debtor to stay a case. *See* 11 U.S.C. §§ 1201(c), 1301(c). However, there is no corollary provision for co-debtors in Chapter 11 bankruptcy proceedings. Even if Mr. Askri is a "party of interest" for general purposes, the Bankruptcy Code's automatic stay procedures under 11 U.S.C. § 362 do no confer a legally protected interest on Mr. Askri for purposes of vacating the order that modified the automatic stay. The interest asserted by Mr. Askri appears to be that M&T, rather than the Bank (First Tennessee), is the party entitled to enforce the lien against the Property. As the Bankruptcy Court informed Mr. Askri during the hearing to consider his motion, these are issues that Mr. Askri can raise in state court. The issue before the Bankruptcy Court was whether to modify the automatic stay against the debtor, Mrs. Askri, and neither she nor her counsel contested whether the Bankruptcy Court should modify the stay. Moreover, the Bankruptcy Court noted that its ruling related only to the Motion to Vacate, and not to all issues

that might arise in the bankruptcy proceeding. For the foregoing reasons, the Bankruptcy Court did not err when it denied Mr. Askri's Motion to Vacate.

### III. CONCLUSION

Because Mr. Askri lacks standing to challenge the modification to the stay order, the Bankruptcy Court did not err when it denied Mr. Askri's Motion to Vacate.

Accordingly, it is hereby

**ORDERED** that the Bankruptcy Court's May 11, 2016 order denying Appellant Syed Askri's motion is **AFFIRMED**.

ENTERED this 22nd day of February, 2017.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge